**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RASHEEN JOHNSON,** | : | Civil Action No. 1:08-CV-00816 |
| **Plaintiff** | : | |
| v. | : | (Chief Judge Kane) |
| **WILLIAMSON, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

**I.   INTRODUCTION**

On May 2, 2008, Plaintiff Rasheen Johnson, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed, pro se, this action pursuant to 28 U.S.C. § 1331.  (Doc. No. 1.)  Plaintiff also properly filed a motion to proceed in forma pauperis on May 15, 2008.  (Doc. Nos. 2 & 7.)  Plaintiff names as Defendants, with respect to his Bivens[1] action, Troy Williamson, Warden of USP-Lewisburg, USP-Lewisburg, and the "Receiving and Discharge staff at USP-Lewisburg."  (Doc. No. 1.)

The matter is presently before the court for preliminary review pursuant to 28 U.S.C. § 1915.  For the reasons that follow, the action will be deemed as filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680; the United States will be substituted as the proper party Defendant in Plaintiff's FTCA action; the claim for damages will be limited; and the complaint shall be served.

---

[1] Bivens is the shorthand given to claims made against a federal agent of violations of a federal right, including constitutional rights.  Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

**II.    BACKGROUND**

Plaintiff alleges that on March 19, 2007, a package addressed to Plaintiff and containing personal property was delivered to USP-Lewisburg.  (Doc. No. 1 at 4.)  Plaintiff claims that USP-Lewisburg mail staff accepted the package but failed to deliver it to Plaintiff.  (Id. at 5.)  As relief, Plaintiff seeks compensatory damages of $740.00[2] for negligence in the loss of his personal property.  (Id. at 2.)

Plaintiff has attached to his complaint a copy of a Memorandum dated November 5, 2007, from the Bureau of Prisons ("BOP") Regional Counsel, denying the administrative tort claim Plaintiff filed with the BOP under the FTCA regarding his present claim that his personal property was lost by staff at USP-Lewisburg.  (Doc. 1, Att. 1.)  Significantly, Plaintiff sought $390.00 in his FTCA Administrative Tort Claim, according to the Memorandum.

**III.   STANDARD OF REVIEW**

Since Plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, the court may dismiss the complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).[3]

---

[2] Plaintiff's complaint contains two figures for relief sought, $740.00 noted on page 2, and $540.00 on page 5.  Because the $740.00 figure appears to be a correction to the $540.00 figure, the court will construe the complaint as seeking compensatory damages in the amount of $740.00.

[3] Section 1915(e)(2) provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

    (A) the allegation of poverty is untrue; or

In applying this statutory screening requirement, a court employs the standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). In considering whether a pleading states an actionable claim, the court is required to accept as true all of the factual allegations in the complaint, <u>Erickson v. Pardus</u>, __ U.S. __, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, <u>Watson v. Abington Twp.</u>, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, <u>Kanter v. Barella</u>, 489 F.3d 170, 177 (3d Cir. 2007).  The court is not, however, "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." <u>Baraka v. McGreevey</u>, 481 F.3d 187, 195 (3d Cir. 2007) (quotations and citations omitted).  If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss.  <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, 127 S. Ct. 1955, 1965, 1974 (2007); <u>Victaulic Co. v. Tieman</u>, 499 F.3d 227, 234 (3d Cir. 2007).

When presented with a <u>pro se</u> complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as for what is alleged.  <u>Dluhos v. Strasberg</u>, 321 F.3d 365, 369 (3d Cir. 2003); <u>Youse v. Carlucci</u>, 867 F. Supp. 317, 318 (E.D. Pa. 1994).  Such a complaint "must be held to less stringent standards than formal pleadings

---

        (B) the action or appeal –
            (i) is frivolous or malicious;
            (ii) fails to state a claim on which relief may be granted; or
            (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

drafted by lawyers." Erickson v. Pardus, 127 S.Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## IV.     DISCUSSION

The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. 28 U.S.C. § 2675(a). In the instant case, Plaintiff is seeking damages for loss of personal property against the certain employees of the United States. He claims that Defendants were negligent in their failure to deliver his personal property once it had been received at USP-Lewisburg. In light of this claim, the court will deem the present action as filed pursuant to the FTCA, and not Bivens.

Further, in an FTCA action, a plaintiff is permitted only to name the United States of America as the Defendant. See 28 U.S.C. § 2675(a). Here, Plaintiff erroneously names Warden Williamson, USP-Lewisburg, and "Receiving and Discharge staff at USP-Lewisburg" as Defendants. Since these Defendants are not proper party Defendants in this FTCA action, they will be dismissed and the United States will be substituted as the Defendant.

Lastly, in an FTCA action, a plaintiff is limited to damages of a sum no greater than the amount of the claim which was presented to the federal agency in the administrative tort claim. *See* 28 U.S.C. § 2675(b); Gibson v. Sadowski, No. 04-242, 2006 WL 1785563, at *1 (W.D. Pa. June 26, 2007). In the present matter, Plaintiff's administrative tort claim addressed to the BOP sought damages in the amount of $390.00. Thus, any claim of damages which Plaintiff seeks that are more than $390.00 should be dismissed for lack of subject matter jurisdiction. Id.

Upon this preliminary screening of the instant complaint, the Court concludes that Plaintiff's action should be deemed as filed pursuant to the FTCA, and not <u>Bivens</u>. Further, the Court finds that the United States should be substituted as the proper party defendant and existing Defendants dismissed. And finally, Plaintiff's claim of damages must be limited to the amount originally sought in his administrative tort claim filed with the BOP. The complaint shall be served as such.

An appropriate order shall issue.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RASHEEN JOHNSON,** | : | Civil Action No. 1:08-CV-00816 |
| **Plaintiff** | : | |
| v. | : | (Chief Judge Kane) |
| **WILLIAMSON, et al.,** | : | |
| **Defendants** | : | |

**ORDER**

**AND NOW**, this 25th day of July, 2008, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's complaint is considered a claim under the Federal Tort Claims Act, and not as a Bivens civil rights action.

2. The complaint is dismissed as against Defendants Williamson, USP-Lewisburg, and Receiving and Discharge staff at USP-Lewisburg.

3. The United States of America is added as a defendant.

4. Plaintiff's request for $740.00 in damages is stricken.

5. Plaintiff's request for damages is limited to $390.00.

6. Plaintiff's motion to proceed in forma pauperis (Doc. Nos. 2 & 7) is construed as a motion to proceed without full prepayment of fees and costs, and the motion is **GRANTED**.

7. The United States Marshal is directed to serve Plaintiff's complaint and a copy of this memorandum and order on the Defendants named therein.

 S Yvette Kane
Yvette Kane, Chief Judge
Middle District of Pennsylvania