# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RASHEEN JOHNSON,** | : | **CIVIL NO. 1:CV-08-0816** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **UNITED STATES,** | : | |
| **Defendant** | : | |

## MEMORANDUM

On May 2, 2008, Rasheen Johnson ("Johnson"), an inmate at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania, filed this civil rights action pursuant to 28 U.S.C. § 1331. Named as Defendants in the complaint are Troy Williamson, Warden at USP-Lewisburg, and the USP-Lewisburg "Receiving and Discharge staff." (Doc. No. 1, Compl.) On July 25, 2008, the Court issued an Order construing the complaint as one filed solely under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., and not pursuant to Bivens.[1] In addition, the Court dismissed the named defendants, and substituted the United States of America as the proper defendant. (Doc. No. 12.) The Court also limited Plaintiff's request for damages to $390.00, the amount of the claim which he presented to the federal agency in the administrative tort claim he filed. Presently pending is Plaintiff's motion for clarification with respect to the Order of July 25, 2008/motion to amend (Doc. No. 13), as well as Defendant's motion for summary judgment (Doc. No. 16). For the reasons that follow, the above-captioned action will be dismissed sua sponte for lack of subject matter jurisdiction. The pending motions

---

[1] Actions filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), are the federal counterpart to § 1983 claims brought against state officials.

for clarification/to amend (Doc. No. 13) and for summary judgment (Doc. No. 16) will be denied as moot.

I.      **Allegations of the Complaint**

Plaintiff alleges that when he was transferred from the Federal Correctional Institution at Greenville to USP-Lewisburg, his medically-approved shoes did not follow him. As a result, he claims that Steve Brown, Medical Administrator at USP-Lewisburg, authorized him to receive the following medically-approved shoes: one pair of Nike TL3 tennis shoes; one pair of NB-4985 tennis shoes; one pair of Hush Puppy shoes and one pair of Timberland boots. (Doc. No. 1, Compl. at 4.) The shoes were being sent to Plaintiff by Christine Yarbrough, apparently a friend or relative of Plaintiff in St. Louis, Missouri.

According to Plaintiff, the package was delivered to USP-Lewisburg on March 19, 2007, at 8:24 a.m., and received by M. Robbins, an Inmate Systems Officer employed there. Plaintiff claims that he never saw, received or signed for the package. He states that the postal service tracking slip clearly indicates that the package was delivered to and received by staff at USP-Lewisburg. He attaches the slip to the complaint which reveals Robbins' signature as accepting delivery of the package on March 19, 2007. As such, he claims that Robbins, a BOP employee, was negligent in losing his property. He seeks to recover under the Federal Tort Claims Act for the negligent loss of his property.[2]

---

[2] Attached to the complaint are the following exhibits: (1) Regional Counsel's denial of Plaintiff's Administrative Tort Claim No. TRT-NER-2007-037 dated November 5, 2007 (Doc. No. 1, Ex. A-1); (2) an insured mail receipt from the U.S. Postal Service (Id., Ex. A-2); (3) a copy of a U. S. Postal Service intranet tracking inquiry (Id., Ex. A-3); (4) a BOP "Authorization to Receive Package or Property" form (Id., Ex. A-4); (5) a statement of Plaintiff's prison inmate account covering the time span from August 1, 2007 through April 22, 2008 (Id., Ex. A-5).

## II. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the power of a federal court to hear a claim or case. Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). In the face of a 12(b)(1) motion, the plaintiff will have the burden of proof that jurisdiction does in fact exist." Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006). Motions under 12(b)(1) may take one of two forms. A "facial" attack assumes the veracity of the allegations in the complaint but argues that the pleadings fail to present an action within the court's jurisdiction. Tolan v. United States, 176 F.R.D. 507, 509 (E.D. Pa. 1998). The court should grant such a motion only if it appears with certainty that assertion of jurisdiction would be improper. Id.; Carpet Group, 227 F.3d 62, 69 (3d Cir. 2000). If the complaint is merely deficient as pleaded, the court should grant leave to amend before dismissal with prejudice. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). In contrast, a "factual" attack argues that, although the pleadings facially satisfy jurisdictional prerequisites, one or more of the allegations is untrue, rendering the controversy outside of the court's jurisdiction. Tolan, 176 F.R.D. at 510; see also Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In such circumstances, the court is both authorized and required to evaluate the merits of the disputed allegations because "the trial court's ... very power to hear the case" is at issue, Id.; Carpet Group, 227 F.3d at 69.

## III. Discussion

### A. Motion for Clarification/to Amend

Plaintiff filed a document on August 4, 2008, wherein he seeks clarification of the Court's Memorandum and Order dated July 25, 2008, regarding the Court's limitation on the

amount he can seek as damages in this action to $390.00. He further moves to amend the complaint to either increase the amount of damages to $740.00, or have the court waive the entire filing fee in this matter. (Doc. No. 13.) Based upon the Court's determination that the complaint is subject to dismissal on the basis of lack of subject matter jurisdiction, the instant motion will be denied as moot. However, even if that were not the case, the motion would be denied. The Court thoroughly explained to Plaintiff in the Memorandum and Order of July 28, 2008 (Doc. No. 12) why his claim for damages was limited to $390.00. In a FTCA action, a plaintiff is limited to damages of a sum no greater than the amount of the claim which was presented to the federal agency in the administrative tort claim. See 28 U.S.C. § 2675(b); Gibson v. Sadowski, No. 04-242, 2006 WL 1785563, at *1 (W.D. Pa. June 26, 2007). Plaintiff's administrative tort claim addressed to the BOP sought damages in the amount of $390.00. Plaintiff would therefore be limited to seeking $390.00 in the instant FTCA action. Any request to amend the complaint to set forth any other damage figure would be futile.

      B.      **FTCA Claim**

Although Defendant has not filed a Rule 12(b)(1) motion in the instant action, the Court is permitted to raise the issue of subject matter jurisdiction sua sponte. See Daily v. City of Phila., 98 F.Supp.2d 634, 636 (E.D. Pa. 2000)("Lack of subject matter jurisdiction may be raised at any time by the court sua sponte."); see also Meritcare v. St. Paul Mercury Ins., 166 F.3d 214, 217 (3d Cir. 1999)("A federal court has the obligation to address a question of subject matter jurisdiction sua sponte."), abrogated on other grounds by Exxon Mobil Corp. v. Allapattah, 545 U.S. 546 (2005).

In the instant case, the Court finds that it does not have subject matter jurisdiction over

the instant complaint. Absent explicit waiver of sovereign immunity, the United States is generally immune from suit. This "immunity is jurisdictional in nature," FDIC v. Meyer, 510 U.S. 471, 474 (1994), and extends to government agencies and employees. Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996). The FTCA waives sovereign immunity and provides a remedy for persons suing the federal government for the commission of various torts. United States v. Muniz, 374 U.S. 150 (1963); Simon v. United States, 341 F.3d 193 200 (3d Cir. 2003). However, § 2380(c) provides in relevant part that the FTCA is not applicable to claims "arising in respect of ... the detention of any goods, merchandise, or other property by an officer of customs or excise or any other law enforcement officer...."

In the complaint Plaintiff clearly alleges that Robbins, a BOP employee, obtained his package at the post office and thereafter had it in his possession at the prison. In his capacity as a Receiving and Discharge Mailroom Staff employee, Robbins is alleged to have detained the shoes in the pursuit of his duty of receiving and processing inmate mail. Plaintiff asserts that he never received the shoes, and that they remain unaccounted for. These allegations clearly satisfy the detention of property provision of § 2680(c). See Kosak v. U.S, 465 U.S. 848, 854 (1984)(broadly interpreting the meaning of "arising in respect of the detention of goods" to apply to storage and negligent handling of property).

Further, although there has been some disagreement among federal courts over whether correctional officers are "law enforcement officers" for purposes of § 2680(c), the Supreme Court settled this question in Ali v. Bureau of Prisons, 552 U.S. 214, 128 S.Ct. 831 (2008). In Ali, a federal prisoner filed an FTCA claim alleging that BOP officers had lost his personal property during his transfer to another prison. The Supreme Court held that the claim was barred

by sovereign immunity. The Court held that "Section 2680(c) forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some' law enforcement officers" and that § 2680(c) is not limited to officers acting in a customs or excise capacity. Id. at 841. Based upon the Supreme Court's holding in Ali, it is clear that the Court lacks subject matter jurisdiction over the complaint. Defendant is entitled to sovereign immunity as Plaintiff's FTCA claim is barred by § 2680(c). See Gordon v. United States, 279 Fed. Appx. 126 (3d Cir. 2008)(summarily affirming District Court's finding of lack of subject matter jurisdiction under § 2680(c) where Plaintiff claimed federal prison employee lost or destroyed items of Plaintiff's personal property in employee's possession). Other Pennsylvania district courts have also found a federal inmate's claim for the loss of property by corrections officers to be barred by § 2680(c). See Nunez v. United States, 3:07-cv-1147, 2009 WL 222661, at *3 (M.D. Pa. Jan. 29, 2009)(finding federal inmate's claim for the loss of property by corrections officers in 2006 barred by § 2680(c)); Aliotta v. United States, No. 07-cv-108, 2008 WL 2037748, at *3-4 (W.D. Pa. May 9, 2008)(dismissing FTCA claim that personal property negligently lost or misplaced during transfer in 2004 pursuant to 2680(c)).[3] Accordingly, the complaint will be dismissed for lack of subject matter jurisdiction. An appropriate order follows.

---

[3] Because Plaintiff's claims are barred by sovereign immunity, his complaint will be dismissed with prejudice, as amendment of his claim would be futile. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)([A] court should deny leave to amend if the moving party is guilty of undue delay, bad faith, dilatory motive, prejudice, or his or her amended claims are futile."). Any argument that would be raised by Plaintiff that sovereign immunity is waived in this case is unavailing. "Neither courts or government officials can effectuate" a waiver of sovereign immunity. See Ikelionwu v. Nash, No. 08-4396, 2009 WL 1204558, at *1 (3d Cir. May 5, 2009), citing Governor of Kansas v. Kempthorne, 516 F.3d 833, 844 (10th Cir. 2008). While inconceivable to the Court, if Plaintiff believes he is able to aver facts sufficient to establish this Court's subject matter jurisdiction, any such argument can be pursued by way of a motion for reconsideration.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| RASHEEN JOHNSON, | : | CIVIL NO. 1:CV-08-0816 |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| Defendant | : | |

# ORDER

**AND NOW**, this 27th day of August, 2009, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The complaint (Doc. No. 1) is **dismissed with prejudice** for lack of subject matter jurisdiction.

2. Plaintiff's Motion for Clarification/to Amend (Doc. No. 13) is **denied as moot**.

3. Defendant's Motion for Summary Judgment (Doc. No. 16) is **denied as moot.**

4. The Clerk of Court is directed to **close this case**.

5. Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.


        S/ Yvette Kane
        YVETTE KANE, Chief Judge
        Middle District of Pennsylvania