# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RASHEEN JOHNSON, | : | CIVIL NO. 1:CV-08-0816 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| Defendant | : | |

## MEMORANDUM

On May 2, 2008, Rasheen Johnson ("Johnson") filed this civil rights action pursuant to 28 U.S.C. § 1331. Named as Defendants in the complaint are Troy Williamson, Warden at USP-Lewisburg, and the USP-Lewisburg "Receiving and Discharge staff." (Doc. No. 1, Compl.) On July 25, 2008, the Court issued an Order construing the complaint as one filed solely under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., and not pursuant to Bivens.[1] In addition, the Court dismissed the named defendants, and substituted the United States of America as the proper defendant. (Doc. No. 12.) The Court also limited Plaintiff's request for damages to $390.00, the amount of the claim which he presented to the federal agency in the administrative tort claim he filed. On August 27, 2009, the Court issued a Memorandum and Order dismissing this action sua sponte for lack of subject matter jurisdiction, and denying as moot motions for clarification and for summary judgment that were pending. Presently before the Court is Johnson's motion seeking reconsideration of the August 27, 2009 Memorandum and Order. For the reasons that follow, the motion will be denied.

---

[1] Actions filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), are the federal counterpart to § 1983 claims brought against state officials.

**I.     Background**

In the complaint, Plaintiff alleges that when he was transferred from the Federal Correctional Institution at Greenville to USP-Lewisburg, his medically-approved shoes did not follow him. As a result, he claims that Steve Brown, Medical Administrator at USP-Lewisburg, authorized him to receive the following medically-approved shoes: one pair of Nike TL3 tennis shoes; one pair of NB-4985 tennis shoes; one pair of Hush Puppy shoes and one pair of Timberland boots. (Doc. No. 1, Compl. at 4.) The shoes were being sent to Plaintiff by Christine Yarbrough, apparently a friend or relative of Plaintiff in St. Louis, Missouri.

According to Plaintiff, the package was delivered to USP-Lewisburg on March 19, 2007, at 8:24 a.m., and received by M. Robbins, an Inmate Systems Officer employed there. Plaintiff claims that he never saw, received or signed for the package. He states that the postal service tracking slip clearly indicates that the package was delivered to and received by staff at USP-Lewisburg. He attaches the slip to the complaint which reveals Robbins' signature as accepting delivery of the package on March 19, 2007. As such, he claims that Robbins, a BOP employee, was negligent in losing his property. He seeks to recover under the Federal Tort Claims Act for the negligent loss of his property.[2]

On August 27, 2009, this Court dismissed the complaint for lack of jurisdiction on the basis that absent explicit waiver of sovereign immunity, the United States is generally immune from suit. See FDIC v. Meyer, 510 U.S. 471, 474 (1994). This immunity extends to government

---

[2] Attached to the complaint are the following exhibits: (1) Regional Counsel's denial of Plaintiff's Administrative Tort Claim No. TRT-NER-2007-037 dated November 5, 2007 (Doc. No. 1, Ex. A-1); (2) an insured mail receipt from the U.S. Postal Service (Id., Ex. A-2); (3) a copy of a U. S. Postal Service intranet tracking inquiry (Id., Ex. A-3); (4) a BOP "Authorization to Receive Package or Property" form (Id., Ex. A-4); (5) a statement of Plaintiff's prison inmate account covering the time span from August 1, 2007 through April 22, 2008 (Id., Ex. A-5).

agencies and employees. Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996). While the FTCA waives sovereign immunity and provides a remedy for persons suing the federal government for the commission of various torts, see United States v. Muniz, 374 U.S. 150 (1963); Simon v. United States, 341 F.3d 193, 200 (3d Cir. 2003), § 2380(c) provides, in relevant part, that the FTCA is not applicable to claims "arising in respect of ... the detention of any goods, merchandise, or other property by an officer of customs or excise or any other law enforcement officer...." (See Doc. No. 36, 8/27/09 Memorandum and Order at 5.) In the case of Ali v. Bureau of Prisons, 552 U.S. 214 (2008), the United States Supreme Court found that correctional officers are "law enforcement officers" for purposes of § 2680(c). The Court held that "Section 2680(c) forecloses lawsuits against the United States for the unlawful detention of property by any, not just some law enforcement officers" and that § 2680(c) is not limited to officers acting in a customs or excise capacity. Id. at 841. Based on the Ali holding, and citing subsequent similar cases, this Court found that it lacked subject matter jurisdiction over Johnson's complaint, and that Defendant was entitled to sovereign immunity as Johnson's FTCA claim was barred by § 2680(c). On September 15, 2009, Johnson filed a motion seeking reconsideration of this Court's Memorandum and Order of August 27, 2009, pursuant to "Federal Rule of Civil Procedure 59(e) or 60(b)." (Doc. 37.)

**II.     Standard of Review**

Johnson labels his filing as a motion for reconsideration filed pursuant to Fed. R. Civ. P. 59(e) or 60 (b). Pursuant to the Federal Rules in effect at the time Johnson filed this motion, a motion for reconsideration pursuant to 59(e) must be filed within 10 days of the entry of judgment. A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v.

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996)(quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

  At the relevant time, Fed. R. Civ. P. 60(b) provided that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding" on one of six grounds. Those grounds included (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct by the opposing party; (4) a void judgment; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. The decision whether to grant relief pursuant to Rule 60(b) "is within the sound discretion of the

court." Lasky v. Continental Products Corp., 804 F.2d 250, 256 (3d Cir. 1986).  Such relief, however, "is available only in cases evidencing extraordinary circumstances." Id. (quoting Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975)).  Factors determining whether the court should grant relief under Rule 60(b) include "[1] the general desirability that a final judgment should not be lightly disturbed; [2] the procedure provided by Rule 60(b) is not a substitute for an appeal; [3] the Rule should be liberally construed for the purpose of doing substantial justice; [4] whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time; ... [5] whether there are any intervening equities which make inequitable to grant relief; [6] any other factor that is relevant to the justice of the [order] under attack." Boernert v. Respet, 2009 WL 2407806, *1 (M.D. Pa. Aug. 3, 2009) (quoting Stradley, 518 F.3d at 493.)

**II.     Discussion**

In his pending motion challenging the Court's Memorandum and Order of August 27, 2009, Johnson basically sets forth the following argument.  He claims that this Court erred when it construed the complaint as one filed solely under the Federal Tort Claims Act, and not pursuant to Bivens.  He claims that if the Court allowed the complaint to stand as a Bivens action, he might be able to change the facts alleged to set forth a claim under Bivens.

In raising this argument, it is not this Court's Memorandum and Order of August 27, 2009, that Johnson challenges, but rather the Memorandum and Order issued in this case on July 28, 2008. (Doc. No. 12.)  Without unnecessary elaboration, any request for reconsideration of that decision is untimely under Rule 59(e), and not made within a reasonable time for purposes of Rule 60(b).  Further, Johnson provides no reason why he failed to challenge the relevant decision earlier, and for over one (1) year thereafter continued to litigate this case as a Federal

Tort Claims action in accordance with the Court's decision. For these reasons, any request for reconsideration will not be granted. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RASHEEN JOHNSON, | : | CIVIL NO. 1:CV-08-0816 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| Defendant | : | |

# ORDER

**AND NOW**, this 9th day of August, 2010, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Reconsideration (Doc. No. 37) is **denied**.

    S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania